Mr. Chief Justice Shahkey
delivered the opinion of the court.
This is an action of debt on a judgment rendered by the court of pleas and quarter sessions-of the state of Tennessee. The defendant (who is plaintiff in error) pleaded nul tiel record. The principal objection taken to the admissibility of the record as evidence is, that the .proceeding and judgment was had in the court of pleas and quarter sessions of Shelby county, and it is certified by the clerk and presiding magistrate of the county court. If it appears with sufficient certainty, that the county court, and court of pleas and quarter sessions are in reality one and the same court, this objection cannot prevail.
The commencement of the record recites that the writ was on a certain day sued out of the clerk’s office of the county of Shelby, and it is made returnable before the justices of the court of pleas and quarter sessions, and it is signed by Robert Lawrence as clerk. On the service of this writ a bail bond was given, conditioned that the defendant should appear at the county court for the county of *668 Shelby, &c. Next follows the declaration entitled as of the court of pleas and quarter sessions, to which the defendant pleaded. The record then sets out the proceedings in court before Isaac Rawlings, F. M. Weathered, and John M. Thomas, justices, and it is styled the court of pleas and quarter sessions in these proceedings. A verdict was returned and judgment rendered by the said court of pleas and quarter sessions. The record is certified by Robert Lawrence as clerk of the county court of Shelby county, and his attestation is certified as being correct by Isaac Rawlings as presiding magistrate of the county court. From these facts it must be manifest that the two names were indifferently used to signify the same court; and as the judgment is in other respects properly described in the declaration, the judgment must be affirmed.